UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| MARY KAY, INC., | § | |
|---|---|---|
| *Plaintiff*, | § | |
| v. | § | Civil Action No. 3:19-CV-02266-X |
| BEVERLY WANZA, FAITH BY DESIGN, LLC, and JOHN DOES 1–10, | § | |
| *Defendants*. | § | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Mary Kay, Inc. moves to effect substitute service on defendant Beverly Wanza [Doc. No. 8]. The Court grants the motion.[1]

I.

Mary Kay filed this suit against Wanza and other defendants for multiple alleged violations of the Lanham Act, trademark dilution under the Texas Business & Commerce Code, trademark infringement and unfair competition under Texas common law, and breach of contract. Through a process server, Mary Kay has attempted four times to personally serve Wanza at her Tokalon Lane[2] residence: on

---

[1] Under Section 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[ ] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

[2] To address the privacy concerns associated with disclosing residence addresses, the court will refer to addresses by street name without listing the specific address and city. *See* Fed. R. Civ. P. 5.2(e)(1) (permitting court to require redaction of information not specifically listed in Rule 5.2(a)(1)–(4)).

September 27, 2019, at 3:35 p.m.; October 1, 2019, at 7:20 p.m.; October 3, 2019, at 7:25 a.m., and on October 5, 2019, at 10:10 a.m.

Mary Kay's motion to effect substitute service is supported by the affidavit of Charles Parker Goodson, which details Mary Kay's attempts to serve Wanza at Tokalon Lane. Goodson claims that he attempted to serve Wanza on four different days and four different times of day (described above), and that mail addressed to Wanza was at the front door of the residence at the time of the attempt on September 27, 2019, that a vehicle registered to Ronald R. Wanza was parked at the residence at the time of the attempt on October 1, 2019, and that Wanza's vehicle was parked at the residence at the time of the attempt on October 3, 2019. Additionally, Goodson left his contact information at the door on each attempt, and on each of his three final attempts Goodson noticed the previous note he placed had been removed when he had returned. Goodson also confirmed with the Tarrant Appraisal District that Beverly Wanza is a current owner of the house on Tokalon Lane.

II.

Mary Kay moves to effect substitute service on Wanza. It asks the Court to allow it to serve Wanza by leaving the summons and complaint with anyone over sixteen (16) years of age at the Tokalon Lane residence in Arlington, or by affixing the summons and complaint to the front door or gate of the Tokalon Lane residence. Federal Rule of Civil Procedure 4(e)(1) provides that service can be made by "following state law for serving a summons in an action brought in courts of general

jurisdiction in the state where the district court is located or where service is made[.]" Texas law provides that when personal service has been unsuccessful,

> [u]pon motion supported by affidavit stating the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found and stating specifically the facts showing that service has been attempted . . . but has not been successful, the court may authorize service (1) by leaving a true copy of the citation, with a copy of the petition attached, with anyone over sixteen years of age at the location specified in such affidavit, or (2) in any other manner that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the suit.

TEX. R. CIV. P. 106(b). In this case, "service has been attempted but has not been successful." Mary Kay's multiple attempts through a process server to serve Wanza at her residence address support the reasonable inference that any further attempts will also be unsuccessful.

Accordingly, the Court **GRANTS** Mary Kay's October 11, 2019 motion for substitute service on defendant Beverly Wanza as set forth in this memorandum opinion and order.

**IT IS SO ORDERED** this 28th day of October 2019.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE